**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 22-4607

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EUGENE CLEVE STALEY, JR.,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00295-WO-1)

───────────

Submitted:  July 25, 2023                                           Decided:  July 27, 2023

───────────

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Mary Ann Courtney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Cleve Staley, Jr., pled guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[*]   The district court sentenced Staley to concurrent terms of 72 months' imprisonment, an upward variance from his advisory Sentencing Guidelines range.  On appeal, Staley's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Staley's sentence.  Staley was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Staley's plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply in this case, however, because Staley's offense was committed before the June 25, 2022, amendment to the statute.

2

defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Staley knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. And we conclude that the sentencing issue counsel pursues in the *Anders* brief falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside the scope of the appellate waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and otherwise affirm. This court requires that counsel inform Staley, in writing, of the right to petition the Supreme Court of the United States for further review. If Staley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Staley. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*